tmd3574/hs
RETURN DATE: APRIL 21, 2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X   Chapter 13
IN RE:                                                      Case No. 1-20-40109-ESS

      OLIVER ROACH,

                             Debtor.
--------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO MOTION TO RECONSIDER**

Hanin R. Shadood, Esq., Staff Attorney for the Chapter 13 Trustee Marianne DeRosa (the "Trustee"), affirms the following under the penalty of perjury:

1. I am the Staff Attorney for Chapter 13 Trustee Marianne DeRosa and, therefore, am fully familiar with the facts and circumstances set forth herein. I make this affirmation in opposition to the Motion to Reconsider/Vacate Dismissal of Debtor Oliver Roach, filed March 12, 2020 (Dkt. No. 21; the "Motion to Reconsider"). The Motion to Reconsider must be denied because Debtor has failed to provide a legal basis for the Motion to be reconsidered.

BACKGROUND

2. This case commenced with the filing of a "bare-bones" petition on January 8, 2020. Debtor's last day to file Section 521(i)(1) documents was February 24, 2020. Debtor's last day to file the Certificate of Credit Counseling was January 8, 2020. (Dkt. No. 4). The Debtor did not file any Motions to Extend the Time to File Schedules or the Credit Counseling Certificate. Debtor failed to file any schedules or the credit counseling certificate by February 24, 2020 and January 8, 2020, respectively, and the case was dismissed by the Court's direction pursuant to 11 U.S.C §521 by Order dated March 6, 2020, effective February 24, 2020.

3. Debtor filed this Motion to Reconsider the Court's Order Dismissing the Case seventeen (17) days after the case was dismissed. The basis of the Motion to Reconsider is that the debtor was ill advised and has since obtained an attorney.

4. Subsequent to the dismissal of the case, Debtor filed some, but not all of the required schedules and ancillary statements on March 11, 2020 (Dkt. No. 19). To date, the outstanding items include, *inter alia*, the certificate of credit counseling, pay statements, Chapter 13 statement of Current Monthly Income and Calculation of Commitment Period and Chapter 13 Plan.

5. This is the Debtor's third Chapter 13 case filed within two years, and the second case filed within one year of this bankruptcy dismissal. The prior cases are 1-18-45320-ess (the "2018 Case") and 1-19-42108-ess (the "2019 Case").

6. In the 2018 Case, Debtor failed to file any schedules and ancillary statements as well as the Certificate of Credit Counseling, and the case was dismissed by the Court's direction pursuant to 11 U.S.C §521 by Order dated November 13, 2018, effective November 5, 2018.

7. In the 2019 Case, Debtor failed to file any schedules and ancillary statements as well as the Certificate of Credit Counseling, and the case was dismissed by the Court's direction pursuant to 11 U.S.C. §521 by Order dated June 18, 2019, effective May 28, 2019.

8. The Debtor failed to appear at any of the scheduled Meetings of Creditors and failed to make any plan payments to the Trustee.

## THE INSTANT CASE WAS PROPERLY DISMISSED

9. As the deficiencies in the Debtor's bankruptcy filing under §521 of the Bankruptcy Code were not fully cured, this case should remain dismissed and the Motion to Reconsider should be denied.

10. Assuming the Debtor were to file a proposed plan, the good faith mortgage payment to the Trustee would be approximately $4,894.82. This number was achieved by taking the total amount owed to Secured Creditor, which is $1,148,522.82 (as stated in Proof of Claim Number 2), at an interest rate of three (3) percent interest over forty (40) years, for a principal and interest payment of $4,111.53 and escrow payment of $782.79. The Debtor's schedules (Dkt. No. 19) do not demonstrate that the Debtor can afford a "good-faith" payment to the trustee, as his disposable monthly income is $1,933.00. As such, this case would necessarily be dismissed for an inability to propose a feasible chapter 13 plan.

## DEBTOR FAILS TO MEET HIS BURDEN FOR RECONSIDERATION

11. The Motion to Reconsider must be denied because the Debtor has not met his burden for reconsideration under Fed. R. Civ. P. 59(e), made applicable pursuant to Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60(b). Debtor has not raised any rule, statute, or fact upon which to reconsider the Dismissal Motion. "Generally, motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked'-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" (*In re Osuji*, 2017 Bankr. LEXIS 3489 at *4, 2017 WL 4535850, No. 8-15-75534-ast [Bankr. E.D.N.Y., Oct. 6, 2017], quoting *Rafter v Liddle*, 288 Fed. Appx. 768, 769 [2d Cir. 2008] and citing *Ramratan v N.Y. City Bd. Of Elecs.*, 2006 U.S. Dist. LEXIS 64644 at *3, No. 06-cv-4770 [E.D.N.Y. Sep. 11, 2006]).

12. The Debtor has failed to establish a reasonable excuse for his default. Moreover, the Debtor has failed to establish that in the instant case and the prior cases, that he will be able to successfully confirm a chapter 13 plan.

WHEREFORE, based upon the foregoing and in the interests of justice and fairness to all parties, it is respectfully requested that the Debtor's Motion to Reconsider be denied and for such other and further relief as the Court may deem just and proper.

Dated: Jericho, New York
April 14, 2020

/s/ Hanin R. Shadood
Hain R. Shadood, Staff Attorney for
Marianne DeRosa, Chapter 13 Trustee
100 Jericho Quadrangle, Ste 127
Jericho, NY 11753
(516) 622-1340

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X    Chapter 13 Case No: 1-20-40109-ess

IN RE

       OLIVER ROACH,

                                           CERTIFICATE OF SERVICE

                Debtor.

-----------------------------------------------------------X

        This is to certify that I, Marianne DeRosa, Esq., have this day served a true, accurate and correct copy of the within Notice of Settlement and proposed Order by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Oliver Roach
540 MacDonough Street,
Brooklyn, New York 11233

Nationstar Mortgage LLC d/b/a Mr. Cooper
PO Box 619096
Dallas, TX 75261-9741

This April 14, 2020

s/ *Marianne DeRosa*
Marianne DeRosa, Trustee
Office of the Standing Chapter 13 Trustee
Marianne DeRosa, Esq.
100 Jericho Quadrangle, Ste. 127
Jericho, NY 11753
(516) 622-1340

Index No: 1-20-40109-ess

UNITED STATES BANKRUPTCY COURT:

EASTERN DISTRICT OF NEW YORK

IN RE

OLIVER ROACH,

Debtor.

# OBJECTION TO MOTION TO RECONSIDER

## and

## CERTIFICATE OF SERVICE

**MARIANNE DeROSA, TRUSTEE**

**100 JERICHO QUADRANGLE, SUITE 127**

**JERICHO, NY 11753**

**(516) 622-1340**